JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:10-cv-05118-JHN-Ex | Date | August 4, 2010 |
|---|---|---|---|
| Title | Diana Kazandjian v. Capital One Services LLC | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | | |
|---|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:**  ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT
(In Chambers)

On May 3, 2010, Plaintiff Diana Kazandjian ("Plaintiff") filed a claim in the Los Angeles Small Claims Court alleging that "The defendant failed to provide proper documents to verify the accuracy of an account disputed by the Plaintiff, yet continues to report it to the credit bureaus.  Plaintiff suffered defamation of character, mental and financial stress."  (Notice of Removal ("Notice") Ex. A.)  On July 13, 2010, this action was removed to this Court pursuant to 28 U.S.C. § 1441 and 1446.  Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  *Sullivan v. First Affiliated Sec., Inc.*, 813 F. 2d 1368, 1372 (9th Cir. 1987).

Here, removal is improper for two reasons.  First, there is no statute cited in Plaintiff's complaint, let alone a federal cause of action.  Second, removal is not proper pursuant to preemption under Fair Credit Reporting Act ("FCRA").  Removing Defendants argue in their Notice that "[a]lthough the complaint does not the cite federal statute, it is well established that claims against a furnisher of information to credit reporting agencies fall within the purview of the Fair Credit Reporting Act [FCRA, 15 U.S.C. § 1681t(b)(1)(F).]"  (Notice ¶ 3.)  Removal based on the FCRA, however, is not well-settled.  Indeed, it is well-settled that "those courts that have examined the issue have found FCRA preemption does not support removal."  *Chase Bank USA, N.A. v. Duran*, No. C-06-2258 MMC, 2006 WL 889432, at *1 (N.D. Cal. Apr. 5, 2006) (citing *King v. Retailers Nat'l Bank*, 388 F. Supp. 2d 913, 916 (N.D. Ill. 2005) (holding FCRA does not "completely preempt" state law claims for purposes of removal jurisdiction); *Watkins v. Trans Union, L.L.C.*, 118 F. Supp. 2d 1217, 1220–23 (N.D. Ala. 2000) (holding "complete preemption  doctrine" inapplicable to FCRA; finding "Congress did not intend to make state law causes of action defensively preempted by the FCRA removable to federal court"); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("[I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption."))

Accordingly, this matter is hereby **REMANDED** to the Los Angeles Superior Court.  The pending Motion to Dismiss [5] is DENIED as MOOT.  The hearing set for August 23, 2010 is hereby vacated.

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:10-cv-05118-JHN-Ex | Date | August 4, 2010 |
|---|---|---|---|
| Title | Diana Kazandjian v. Capital One Services LLC | | |

| | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |